THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO M. MORALES, Defendant and Appellant.

No. 9775.  Argued December 15, 1942.—Decided December 23, 1942.

*Antonio L. López* for defendant. *M. Rodríguez Ramos, Acting Attorney General,* and *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Horacio Nieves, an Insular policeman, filed a complaint against Julio M. Morales, because in Caguas, on August 24, 1941, a Sunday, at 9:30 in the morning, he had his commercial establishment open to the public.

On October 17 the case was called for trial on appeal before the district court and the defendant, through his counsel, stated "for the purpose of the record" that the act alleged in the complaint as having been violated, §553 of the Penal Code, as amended by Act No. 110 of 1937 (Session Laws 1936–37, p. 258) did not exist, as the same had been repealed.

The evidence was introduced and the court, based on its sufficiency, found the defendant guilty of a "violation of §553 of the Penal Code" and sentenced him to pay a fine of ten dollars and in default of payment to serve one day in jail for each dollar left unpaid. Morales took an appeal to this court and assigned in his brief three errors as committed by the trial court: in sentencing him for a violation of Act No. 306 of May 15, 1938 (Laws of 1938, p. 547) when in fact the complaint referred to Act No. 110 of 1937; in dismissing his motion for nonsuit; and in weighing the evidence with passion, prejudice, and partiality.

The first error does not exist. The facts charged against the appellant in the complaint constitute a violation of §553 of the Penal Code and on that violation the court based its judgment.

It is true that in the complaint it is stated: "Section 553 of the Penal Code as amended by Act No. 110 of 1937," probably following the text of the Code of the 1937 edition; that the Legislature by Act No. 306 of 1938 amended §553, reenacting the same and providing that all laws or parts of laws in conflict with it were thereby repealed; and that said violation took place in 1941; but, it is likewise true that the same section of the Penal Code was involved and that the facts stated in the complaint and proved at the trial constituted a violation of that section, not as amended in 1938, but in 1937. The amendment of 1938 did not change the provision relating to the mode of the offense charged in this case, that is, closing to the public the commercial establishments on Sundays.

■ The evidence introduced was contradictory. We have examined it and it is sufficient. That for the People alone was sufficient. That adduced by the defendant was not believed by the court.

Therefore, the other errors assigned do not exist and the judgment appealed from must be affirmed.